UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY ROBINSON,

    Plaintiff,

v.                                                  Case No. 4:21-cv-178-WS-HTC

KILOLO KIJAKAZI,[1]
  Acting Commissioner of Social Security,

    Defendant.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff Gregory Robinson's complaint for lack of jurisdiction. ECF Doc. 10. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(D). Upon consideration of the relevant law, the motion, Plaintiff's response (ECF Doc. 13), and the Commissioner's reply (ECF Doc. 15), the undersigned recommends the action be DISMISSED for lack of jurisdiction.

---

[1] When this action commenced, Andrew Saul was the Commissioner of Social Security. However, on July 9, 2021, Kilolo Kijakazi became the acting Commissioner. According to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this matter. Thus, the clerk will be directed to update the electronic docket accordingly.

This Court does not have jurisdiction to review the Commissioner's dismissal of Plaintiff's application on *res judicata* grounds or the Administrative Law Judge's (ALJ) decision not to reopen Plaintiff's prior claim. Also, the ALJ did not engage in a *de facto* reopening of Plaintiff's prior application by holding a hearing and allowing for the submission of new evidence.

I.  BACKGROUND

Plaintiff filed a concurrent application for Title II and Title XVI benefits on June 30, 2014, alleging an onset date of June 2, 2014 (the "2014 Application")[2]. Plaintiff's date of last insured was March 2016. The claim was denied initially on October 31, 2014, and upon reconsideration on January 6, 2015. ECF Doc. 10-1 at 8. The ALJ issued a decision on December 21, 2016, finding Plaintiff was not disabled from June 2, 2014, through December 21, 2016. *Id.* at 8-15. Plaintiff appealed the decision to the Appeals Council, who denied review. *Id.* at 20-23. Plaintiff did not seek judicial review of the Commissioner's decision.

On March 9, 2019, Plaintiff filed a second application for Title II and Title XVI benefits (the "2019 Application"), with an onset date of June 3, 2014. The Social Security Administration ("SSA") found Plaintiff disabled for Title XVI benefits but denied benefits under Title II, initially and upon reconsideration. *Id.* at

---

[2] Plaintiff references the 2014 Application as the 2016 Application, but that is a misnomer because the decision was in 2016, but the application in 2014.

26-28, 29-30. Plaintiff requested a hearing before an ALJ, and a hearing was held in June 2020.

On July 18, 2020, the ALJ wrote Plaintiff's counsel to give him an opportunity to address the timeliness of Plaintiff's request to reopen the 2014 Application. Citing to HALLEX I-2-9-20, the ALJ explained that the dates relevant to a request to reopen are the date of the notice of initial determination on the 2014 Application, which was October 31, 2014, and the date of the request to reopen – which was the date of the 2019 Application – which was March 19, 2019. ECF Doc. 13-1 at 89-90. The ALJ noted that Plaintiff's brief addressed whether good cause existed to reopen the 2014 Application, but not the timeliness issue.[3]

On September 2, 2020, counsel responded and acknowledged the request to reopen was filed more than four (4) years after the initial determination on the 2014 Application. *Id.* at 91-92. Indeed, in the response, counsel stated "Therefore, pursuant to HALLEX I-2-9-20, as noted in your letter, the existence of new and material evidence does not allow the reopening of the prior claim." *Id.* at 91. Counsel further acknowledged the ALJ "does not have discretion to reopen the prior claim based on the timing [of the request]". *Id.* Thus, instead of asking for the 2014 Application to be reopened, Plaintiff argued, instead, that *res judicata* did not apply.

---

[3] As discussed more below, under the SSA regulations a request to reopen for good cause must be made no more than four (4) years after the initial determination.

Case No.: 4:21cv178-WS-HTC

On October 28, 2020, the ALJ issued an Order of Dismissal based on *res judicata* grounds. *Id.* at 93-98. On December 17, 2020, Plaintiff's counsel requested the ALJ reconsider her Order of Dismissal. *Id.* at 99. Once again, Plaintiff admitted "the timeline of the prior denial and the pending application in this Title II matter precluded [the ALJ] from re-opening the prior denial of Mr. Robinson's claim based on 'new and material' evidence." *Id.* Counsel argued, this time, that the 2014 Application was considered on its merits at the lower levels and thus "there was a 'de facto reopening' at the lower-level before the claim reached [the ALJ]."[4] *Id.* Plaintiff appealed to the Appeals Council and the Appeals Council denied the request. *Id.* at 107-09. Plaintiff filed a complaint with this Court on April 28, 2021, seeking a review of that dismissal. ECF Doc. 1.

The Commissioner has moved to dismiss this action on the ground that this Court lacks jurisdiction to review the ALJ's dismissal on *res judicata* grounds or the ALJ's decision not to reopen the 2014 Application because neither is a "final agency decision." *See* ECF Doc. 10. Plaintiff argues, however, that the question presented

---

[4] Plaintiff cites to *Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 841 (11th Cir. 2012), and *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985), to support this argument. While Plaintiff accurately quotes the court in *Cherry* as stating "[a] final decision by the Secretary will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level,'" he misinterprets what it means to be decided at "any administrative level." As the court stated in *Cash v. Barnhart*, "when our precedent has concluded that a reopening occurred, the case involved an actual reopening of a prior claim by either the *ALJ* or the *Appeals Council*." *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003) (emphasis added). As discussed herein, Plaintiff appears to have modified this argument in response to the Commissioner's motion to dismiss, arguing here that the ALJ reopened the 2014 Application by holding an evidentiary hearing on the merits.

Case No.: 4:21cv178-WS-HTC

is not whether the ALJ erred in not reopening the 2014 Application, but rather, whether the ALJ erred in finding that administrative *res judicata* barred the ALJ from considering the 2019 Application, particularly when new evidence was presented. *See* ECF Doc. 13. Alternatively, Plaintiff also argues the ALJ implicitly reopened the 2014 Application, when she held a hearing and allowed the parties to submit new evidence and, thus, has waived a *res judicata* argument. *Id.*

## II.  THIS COURT'S JURISDICTION

Judicial review of social security decisions is governed by 42 U.S.C. § 405 (g) and (h). Under section (g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was party . . . may obtain a review of such decision by a civil action commenced within sixty days." 42 U.S.C. § 405 (g). In other words, judicial review is limited "to a particular type of agency action, 'a final decision of the [Commissioner] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (emphasis added). Section 405(g) is the "exclusive source of federal court jurisdiction over cases involving" social security benefits. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

As discussed below, neither an ALJ's dismissal of a claim based on *res judicata* nor an ALJ's decision not to reopen a case otherwise barred by *res judicata* is a final decision. Thus, neither is reviewable by this Court.

### A. The ALJ's Dismissal on *Res Judicata* Grounds

The "findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405 (h). Under the SSA's regulations, administrative *res judicata* applies when the Commissioner has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and the previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1). The purpose of *res judicata* is to avoid claimants "indefinitely extend[ing]" the adjudication of their claims after a denial of benefits. *Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970). Thus, the Secretary is allowed to dismiss a second application for disability benefits if that application alleges the same facts and issues as made in the first application. *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985).

As stated above, Plaintiff's first argument in response to the motion to dismiss is that *res judicata* does not apply to bar the ALJ's consideration of the 2019 Application on the merits. It is well settled, however, that "[i]f the [Commissioner] finds *res judicata* applicable, that finding is generally unreviewable by the federal courts because it is not a 'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction." *Id.*; *see also* 42 U.S.C. § 405(g); *Califano v. Sanders,* 430 U.S. 99, 108 (1977). Jurisdiction, of

course, is a threshold issue. Thus, the first question for the Court is whether it can even entertain Plaintiff's *res judicata* argument.

In *McGowen v. Harris*, the Fourth Circuit held that jurisdiction exists for a district court to determine whether *res judicata* was correctly applied. *McGowen v. Harris*, 666 F.2d 60, 64 (4th Cir. 1981). In *McGowen*, the court explained jurisdiction as follows:

> [I]f the Secretary's application of administrative res judicata was legally correct, and if the original claim was not administratively reopened by reconsidering it on the merits notwithstanding it may have been subject to res judicata. In turn, this depends upon whether the successive claims were the same for res judicata purposes. *If they were not, res judicata could not properly be applied, and jurisdiction to review denial of the subsequent, and necessarily different, claim exists without regard to whether the original claim was administratively reopened.* If they were the same claim, jurisdiction exists only if the original claim was administratively reopened by reconsidering it to some extent on the merits. As also indicated, *it lay with the district court to make independent determination of these jurisdictional questions, subject of course to appellate review.*

*Id.* at 66.

While the *McGowen* decision would warrant a finding in favor of jurisdiction, that holding has not been followed by the Eleventh Circuit and has been treated differently by two courts in this district. As noted by Plaintiff, in *Mastrorilli v. Colvin*, the Middle District of Florida held that the court has jurisdiction to consider whether *res judicata* was properly applied to bar a second claim, where plaintiff asserts her new claim is not based on the same facts and issues that were considered

in the first claim.[5] *Mastrorilli v. Colvin*, 2016 WL 1659125 at *8 (M.D. Fla. Apr. 7, 2016).

However, in *Jones v. Apfel*, the Southern District of Alabama rejected such an extension of jurisdiction. There, the court concluded that "the substance of plaintiff's argument . . . is that there existed 'good cause' for reopening his prior application(s) since new evidence was provided in conjunction with the October 26, 1996 application," and the court "lacks jurisdiction to entertain plaintiff's new facts and issues argument since judicial review is limited to those cases where the refusal to reopen is challenged on constitutional grounds and plaintiff makes no such challenge here." *Jones v. Apfel*, 2001 WL 530698, at *7 (S.D. Ala. Apr. 27, 2001).

Given the lack of Eleventh Circuit precedent on this issue *and* that the *McGowen* decision creates an exception that swallows the rule, the undersigned finds that regardless of whether new evidence may have been presented, this Court lacks jurisdiction to review the propriety of the ALJ's dismissal of the 2019 Application based on *res judicata*. Moreover, even if the Court were to follow *McGowen*, the undersigned finds the ALJ did not improperly apply *res judicata*.

---

[5] Although the court in *Mastrorilli* states that the Eleventh Circuit cited *McGowen* with approval in its decision in *Holland*, the undersigned notes that the reference in *Holland* was limited to the position made by the *McGowen* court that "[a] district court must have a record before it 'sufficient to determine the scope of the successive claims for *res judicata* purposes.'" *Holland*, 764 F. 2d 1560, 1563 (11th Cir. 1985). Indeed, the undersigned finds other parts of the *McGowen* decision to be instructive, including its decision on when a claim is reopened.

Case No.: 4:21cv178-WS-HTC

The 2014 Application alleged an onset date of June 2, 2014, through the date last insured of December 21, 2016. ECF doc. 10-1 at 15. The 2014 Application sought benefits based on the following alleged disabilities: (1) a severe spinal injury, (2) right leg limp which causes him to use a walking cane, (3) back injury, and (4) severe nerve damage in his leg, chest. ECF Doc. 13-1 at 111. Plaintiff's 2019 Application alleged an onset disability date of June 3, 2014. *Id.* at 29; ECF Doc. 10-1 at 45. Plaintiff's 2019 Application sought benefits based on the same alleged disabilities: (1) a severe spinal injury, (2) right leg limp which causes him to use a walking cane, (3) back injury, and (4) severe nerve damage in leg, chest, and feet. ECF Doc. 13-1 at 29, 42, 55.

Thus, the ALJ did not err in determining she "lacked jurisdiction to consider whether the claimant became disabled prior to the 2014 DLI, as this period is covered by a prior 2016 ALJ decision and res judicata attaches." ECF Doc. 10-1 at 46; *See Stephen M. v. Comm'r, Soc. Sec.*, 2019 WL 764027, at *2 (D. Md. Feb. 21, 2019), *report and recommendation adopted,* 2019 WL 3546547 (D. Md. Apr. 12, 2019) ("The ALJ decision in Plaintiff's 2000 application evaluated his claim for DIB from his alleged onset date, August 7, 1987, through his date last insured, June 30, 1994. Plaintiff's 2014 application covered the same time period. Therefore, the ALJ properly applied res judicata in dismissing Plaintiff's claim.").

Plaintiff argues new evidence renders *res judicata* inapplicable.[6] The existence of new evidence, however, does not alter the res judicata analysis. In other words, "[t]here is no exception to *res judicata* when the party that lost the original decision uncovers new evidence." *Hawley v. Comm'r of Soc. Sec.*, 2003 WL 1120159, at *2 (E.D. Mich. Feb. 3, 2003). Plaintiff has provided no authority to the contrary.

In support of his position, Plaintiff relies upon the Sixth Circuit's decision in *Gay v. Commissioner of Social Secuirty*. That case, however, is inapposite because the question there was whether in adjudicating a subsequent period, an ALJ is bound to factual findings made with respect to a prior period. *Gay v. Comm'r of Soc. Sec.*, 520 F. App'x 354 (6th Cir. 2013). The second application for disability in *Gay* was based on an onset date three (3) years after the onset date alleged in the first application. *Id*. Here, Plaintiff's period of disability as alleged in the 2019 Application is entirely encompassed in the period of disability Plaintiff alleged in the 2014 Application.

As Plaintiff concedes, "[o]n Mr. Robinson's second application, the ALJ was provided compelling new evidence related to disability during the *previously adjudicated period*." ECF Doc. 13 at 17. Thus, unlike cases where *res judicata* has

---

[6] The "new evidence" presented by Plaintiff include medical opinions, which Plaintiff contends show he suffered from neurological disorders that existed at the time of the 2014 Application, but that had not been diagnosed at that time. ECF Doc. 13 at 4-5.

been held to be inapplicable, there is no unadjudicated period in the 2019 Application. *See e.g., Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 887 (11th Cir. 2020) (ALJ was not bound by administrative *res judicata* where second application dealt with an unadjudicated time period); *Diaz v. Comm'r of Soc. Sec.*, 828 F. App'x 560, 561 (11th Cir. 2020), (holding that the ALJ was not required to apply the doctrine of *res judicata* to a previous application because plaintiff's second application involved different claims for a different period of disability).

Similarly, Plaintiff's reliance on the SSA's Hearings, Appeals and Litigation Law Manual ("HALLEX") is misplaced. First, as Plaintiff recognizes, the Eleventh Circuit has not held that the HALLEX has the force of law. *See e.g., McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596 (11th Cir. 2016) (finding that the court "has not decided whether the HALLEX carries the force of law," but even assuming that it did, the court saw no prejudice in failing to abide by the manual). In fact, most jurisdictions have held that HALLEX is not binding and has no force and effect. *See e.g., Newton v. Apfel*, 209 F.3d 448, 460 (5th Cir. 2000) ("HALLEX does not carry the authority of the law"); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) (HALLEX is an "internal guidance tool", which "has no legal force and is not binding").

Second, even if HALLEX was binding, HALLEX requires the ALJ to consider whether new and material evidence warrants the reopening of a final

decision. HALLEX does not alter when *res judicata* applies – instead, it simply recognizes that an ALJ may reopen a case despite *res judicata*.

Third, the guidance in HALLEX is contrary to Plaintiff's argument that the ALJ erred in not considering or discussing the new evidence in her dismissal order. HALLEX instructs that the ALJ who determines that a new application is barred by res judicata should "not issue an initial determination on the merits of the new application or provide the right to reconsider on the merits." HALLEX, § I-2-4-40. G.

Thus, the undersigned also finds no need to remand this case for the ALJ to consider or discuss the new evidence presented at the hearing in making her *res judicata* determination. The "identity of claims" is apparent from the record that was before the ALJ and the record before this Court. *See McGowen*, 666 F.2d at 66 (if the "identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis"); *see Holland,* 764 F.2d at 1563 (finding the district court did not err in dismissing complaint without transcript where "[t]here was sufficient record evidence here for the district court to determine that plaintiff's second claim concerned the same claims covering the same period of alleged disability").

Accordingly, the undersigned finds that the Court does not have jurisdiction to review the ALJ's *res judicata* determination and, even if it did, the ALJ properly applied *res judicata*.

### B. ALJ's Decision Not to Reopen a Claim

The SSA's regulations allow decisions which are otherwise final to be reopened. 20 C.F.R. § 404.988. The circumstances for reopening a case, however, are limited. First, within four (4) years of "the notice of the initial determination," the SSA may reopen a case for good cause, such as "[n]ew and material evidence," or if the evidence relied on "clearly shows on its face that an error was made." 20 C.F.R. §§ 404.988(b), 404.989. If more than four (4) years passes after the notice of the initial determination, the case may only be reopened for the specific reasons listed in 20 C.F.R. § 404.988(c), which include reasons such as fraud, clerical error, and criminal convictions affecting the right to receive benefits. *Stephen M.*, 2019 WL 764027, at *3.

As a general matter, district courts also do not have jurisdiction over the Commissioner's refusal to reopen a decision, because such a refusal is not a "final decision" within the meaning of § 405(g). *Califano,* 430 U.S. at 107–09; *Cash v. Barnhart*, 327 F.3d 1252, 1256 (11th Cir. 2003). A decision refusing to reopen an earlier application ordinarily is considered an interim decision not reviewable under § 405(g). *See, e.g., Loudermilk v. Barnhart,* 290 F.3d 1265, 1268 (11th Cir. 2002);

*Sherrod v. Chater,* 74 F.3d 243, 245 (11th Cir. 1996). "Because the reopening procedure is in the nature of a bonus opportunity, a greater degree of judicial deference is due to discretionary denials by the administrative agency than is appropriate where judicial review exists as a matter of statutory right. That the administrative agency does not perceive appeal to the district courts on abuse of discretion grounds as an appropriate remedy for denials of requests to reopen is indicated by the fact that no such possibility is suggested in 20 C.F.R. § 404.993, which lists the avenues available to contest revised determinations and decisions." *Bloodworth v. Heckler*, 703 F.2d 1233, 1238 (11th Cir. 1983).

Thus, to the extent Plaintiff takes issue with the ALJ's decision not to reopen the 2014 Application, the Court also lacks jurisdiction to review that decision. Moreover, because the initial determination on the 2014 Application was made more than four (4) years before the 2019 Application was filed, "the ALJ was not required to inquire whether the new evidence was material." *Stephen M.*, 2019 WL 764027, at *3 ("While I agree with the ALJ that the materials submitted by Plaintiff would not change the outcome of Plaintiff's 2000 application, the ALJ was not required to inquire whether the new evidence was material.").

### III. DID THE ALJ REOPEN THE 2014 APPLICATION?

The Eleventh Circuit has recognized two exceptions to the general rule that the court lacks jurisdiction to review an ALJ's *res judicata* decision or decision not

to reopen a claim. The first is where the ALJ reopened a case and the second is where a claimant raises a colorable constitutional claim. *Sherrod*, 74 F.3d at 245. There is no dispute in this case that Plaintiff has not raised a colorable or any constitutional claim. Thus, the undersigned need not address whether that exception applies. Instead, the undersigned will focus on Plaintiff's argument that the ALJ reopened the 2014 Application.

According to Plaintiff, the ALJ constructively reopened the 2014 Application when the ALJ set the matter for hearing and allowed the parties to submit new evidence going to the merits of the claim. On March 18, 2020, the ALJ issued a notice setting out the 5-step process for a disability review. ECF Doc. 13-1 at 82-88. At the hearing, the ALJ stated, "My job is to make a brand new decision for you. It will be based on your testimony, argument from your attorney, and testimony from our jobs expert. I'll consider that with all of the documents we have in the case file and make a new decision for you." ECF Doc. 13 at 8. According to Plaintiff, at the hearing the ALJ admitted several new documents into evidence, questioned Plaintiff about his functionality, and elicited opinions from a vocational expert. *Id.*

Although neither party submitted a copy of the hearing transcript to this Court, the undersigned does not find the transcript to be necessary to the Court's determination of whether the 2014 Application was reopened. *See McGowen, supra; Holland, supra*. As the Plaintiff points out, the Commissioner does not

dispute Plaintiff's summary of what occurred at the hearing. In other words, there is no dispute Plaintiff presented new evidence at the hearing. The undersigned finds what happened at the hearing to be irrelevant because the ALJ did not render a decision on the merits – which is what she would have had to do to reopen the 2014 Application.

A court has jurisdiction to review the Commissioner's decision to not reopen a disability determination when "the record demonstrates that there has been an actual reexamination of the merits of a prior administrative decision." *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996); *see also Cash*, 327 F.3d. at 125. In other words, an ALJ reopens a case when he fails to apply *res judicata* and bases "an ultimate determination on a review of the record in the prior application." *Passopulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992). However, a prior decision is not reopened merely because an ALJ examines the presented evidence from that application for benefits to determine if *res judicata* applies to the current application. *Wolfe*, 86 F.3d at 1079. Further, reopening a prior determination is an "extraordinary measure" and should only be utilized in "specific and substantial reasons" that are set forth in the Social Security's regulations. *Bloodsworth*, 703 F.2d at 1238.

The undersigned disagrees with Plaintiff that by holding a hearing and taking evidence, the ALJ engaged in a *de facto* reopening of the 2016 Decision. Regardless

of whether the ALJ held a hearing on the merits or allowed Plaintiff to submit new evidence, the ALJ did not render a decision on the merits of Plaintiff's 2014 Application in her Order of Dismissal. *See Polli v. Berryhill*, 2017 WL 6626038 at *4 (N.D. Ill. Dec. 27, 2007) (finding that the ALJ did not reopen a prior decision despite the fact that the ALJ expended significant resources to develop the record concerning the claimant's second application because "what matters is that the ALJ did not render a decision on the merits of the Claimant's first application in the Order of Dismissal").

There can be no dispute in this case that the ALJ did not consider the merits of the 2014 Application. Instead, the ALJ's sole basis for dismissing the 2019 Application was *res judicata*. In the Order of Dismissal, the ALJ specifically stated:

> Although the claimant's representative further argues that I can consider the claimant's case back to 2014 because I would not be addressing "the same material facts" and res judicata does not apply, I find that this argument lacks merit. I find that I do not have jurisdiction to consider the claimant's arguments because the claimant's date last insured ("DLI") expired in March 2016, prior to the December 2016 ALJ decision. Therefore, I would have to reopen the 2016 prior decision to consider any claims prior to expiration of the 2014 DLI to determine disability and whether the claimant was disabled prior to the DLI for Title II purposes. Because the 2019 motion to reopen was untimely filed more than four years after the initial determination in the prior case, which the claimant's representative concedes, I find that I lack jurisdiction to consider whether the claimant became disabled prior to the 2014 DLI, as this period is covered by a prior 2016 ALJ decision and res judicata attaches.

ECF Doc. 10-1 at 46.

Plaintiff's *de facto* reopening argument is, thus, rebutted by the ALJ's statement that the application was not reopened because it was untimely. *See Guzman v. Astrue,* 2015 WL 13779438 at *3 (W.D. Tex. Dec. 9, 2015) ("the 'reopened constructively' contention is rebutted directly by the ALJ's statement that the application was not reopened because of insufficient evidence to justify it"). Similarly, it is also rebutted by the ALJ's "specific conclusion that the claim should be denied on res judicata grounds." *See McGowen,* 666 F.2d at 66, *see also Cherry v. Heckler*, 760 F.2d 1186 (holding that there was no reopening when the ALJ concluded that the second application was precluded by *res judicata* to the extent it alleged disability prior to the date of the prior determination).

The ALJ did not reconsider or change the previous Title II determination based on the previous record. The ALJ did not base an ultimate determination on a review of the previous record. Thus, the ALJ did not *de facto* reopen the Plaintiff's prior Title II application. *See Bercaw v. Saul,* 2019 WL 3759708 (M.D. Fla. Aug. 9, 2019) (finding ALJ did not reopen a prior decision); *Brown v. Sullivan,* 921 F.2d 1233, 1237 (11th Cir. 1991) ("If the [Commissioner] merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then he has not reopened that application.") (citation omitted).

As the court stated in *Bello v. Commissioner of Social Security*, "a reopening requires an actual reconsideration of the merits, not just an intent to reconsider."

*Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 841 (11th Cir. 2012). This Court, therefore, lacks subject matter jurisdiction to review the Commissioner's decision. *Id.* at 841-42 (holding that "the district court did not err in finding that it lacked subject matter jurisdiction" to review the matter as the ALJ had not *de facto* reopened the initial decision); *Carey v. Berryhill,* 517-cv-100-EMT, 2018 WL 2972346 at *9 (N.D. Fla. June 13, 2018) ("Put simply, the ALJ found that Plaintiff was not disabled based only on the evidence of record, without in any way revisiting the merits of the prior final determination. Thus, this court has no jurisdiction to consider Plaintiff's claim that the Commissioner erred in declining to reopen her prior application.").

Accordingly, it is ORDERED:

1. The clerk is directed to substitute Kilolo Kijakazi for Andrew Saul as the defendant in this matter.

Additionally, it is respectfully RECOMMENDED that:

1. The Commissioner's Motion to Dismiss (ECF Doc. 10) be GRANTED.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 16th day of February, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.